Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Attorney for Plaintiff
Judy Peatrowsky

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**JUDY PEATROWSKY,** an individual,

    Plaintiff,

    vs.

**PRESOLVE**, a limited liability company, and **DOES 1-25**,

    Defendant.

Case No.: 2:12-cv-00203-JCG

**PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS 4 THROUGH 8 OF THE COMPLAINT**

Date: April 24, 2012
Time: 2:00 PM
Courtroom: 827- A

## INTRODUCTION

    This lawsuit filed by Judy Peatrowsky (plaintiff) against Persolve LLC (defendant), is for illegal and abusive conduct taken by a debt collector trying to collect a debt. The actions of defendants include specific conduct outlawed by federal statute and California state law. Defendant violated California and federal debt collection harassment laws by their agents misrepresenting themselves as an attorney when they were not, engaged in unfair tactics by pressuring plaintiff to borrow money from her 401k plan to pay the money to them, called plaintiff numerous times a day on her cell phone and at work, promised to garnish plaintiff's paycheck if she did not pay their ransom demands, demanding payment without verifying the debt as required by law pursuant to plaintiff's request, made calls to plaintiff misrepresenting their identity to

-1-

Plaintiff's Opposition to Defendant's Motion to Dismiss

1   obtain information and other harassing and abusive conduct.

2                                    **ARGUMENT**

3   **I.      Defendant's argument that Plaintiff fails to state a cause of action in
          Count 4 because TILA does not apply to defendant fails because the
5         credit account was extended to plaintiff by a creditor as defined by TILA
          and therefore TILA is applicable to the recovery of that debt.**
6

7       In order to state a cause of action under 15 USC § 1666i-1(c), plaintiff must and has

8   alleged the following:

9       1) Plaintiff is a consumer (alleged in ¶ 59[1]);

10      2) The creditor who is extending credit to the consumer is in the business of

11          regularly extending open-ended consumer credit (alleged in ¶ 65);

12      3) The debt is a consumer debt (alleged in ¶ 60);

13      4) Payment was demanded in an amount that was less favorable than the safe

14          harbor payments of 15 USC § 1666i-1(c) (alleged in ¶ 20, 69).

15      Defendant only argues that TILA is not applicable to them because they are not

16  creditors. It doesn't matter that defendant is not a creditor as defined by TILA; plaintiff

17  merely needs allege that the debt was created by an entity that was a creditor under

18  TILA. Here that is alleged. See ¶ 65. The account was extended to plaintiff by Chase,

19  who is in the regularly conducted business of extending open-ended lines of credit to

20  consumers; that is, they are a creditor for the purposes of TILA. See ¶ 65. The fact that

21  Persolve purchased the account doesn't relieve Persolve of the obligations provided

22  under TILA and doesn't divest plaintiff of the protections of TILA. Therefore, plaintiff has

23  stated a cause of action against defendant.

24  **II.     Plaintiff has stated a cause of action for Negligence**

25      Defendant argues that plaintiff has failed to state a cause of action for negligence for

26  the following reasons: 1) There is no special relationship between plaintiff and

27  defendant, 2) the complaint doesn't allege any facts under "Count 5" for negligence, 3)

28  _____
[1] All paragraphs refer to Plaintiff's complaint, filed as "document 1" unless otherwise stated.

Plaintiff's Opposition to Defendant's Motion to Dismiss

Peatrowsky v. Presolve, et al                                          2:12-cv-00203-JCG

CROWLEY LAW GROUP

1    plaintiff has failed to allege facts for "Intentional Infliction of Emotional Distress", and 4)

2    plaintiff has failed to allege facts for "putative damages".

3      The imposition of a legal duty is a judicial determination. Courts across the county

5 have imposed a legal duty on debt collectors to act reasonably when engaging in their

6 intrusive and confrontational business. See eg. *Bennett v. Bay Area Recovery Services,*

7 2007 U.S. App. LEXIS 7481 (9th Cir. 2007)(awarding $100,000.00 in emotional distress

8 and presumptively approving $400,000.00 in punitive damages based upon a claim of

9 negligent debt collection); *Household Credit Servs. Inc. v. Driscoll*, 989 S.W. 2d 72, 81

10 n. 3 (Tex App.-El Paso 1988) (awarding $10,000,000.00 in damages in abusive debt

11 collection case); *Owens v. Providian Financial Corp.,* 227 F.R.D. 181(EDNY 2005); and

12 *Finnegan v. University of Rochester Med Ctr.*, 21 F. Supp. 2d 223; (W.D. N.Y. 1998).

13 Courts have also recognized negligence in the unlawful debt collection context. *Fox v.*

14 *Citicorp,* 15 F.3d 1507, 1517 (9th Cir. 1994)(reversing Defendant's summary judgment

15 on negligence claim), and *Robertson v. Horton Brothers Recovery, Inc.*, 2007 U.S. Dist.

16 LEXIS 48602 (D. DE. 2007)

17      While engaged in debt collection, defendant had a duty to refrain from abusing and

18 harassing plaintiff over the telephone.   This is not a monolithic imposition upon

19 California debt collectors. In fact, insuring that Californians are free from telephone

20 harassment is already well-entrenched in California's state public policy, as reflected by

21 the criminal strictures of California Penal Code §653m.   Debt collectors use the

22 telephone as their primary tool of persuasion. It is not unreasonable to charge debt

23 collectors with a duty to act reasonably when addressing these parties.

24      In the case of *Owens v. Providian Financial Corp.*, 227 F.R.D. 181(EDNY 2005), a

25 New York federal court recently determined that debt collectors have a tort duty to act

26 reasonably while collecting debts:

27          This Court finds that Owens has sufficiently pled the
elements of negligence. ARS, as a debt collector, owes

28          Owens, a debtor, a duty of reasonable care in the collection

-3-

Plaintiff's Opposition to Defendant's Motion to Dismiss

CROWLEY LAW GROUP

of his debt. See *Russell v. Equifax*, 74 R. 3d 30, 32 (2d Cir. 1996)(noting the need to "shield" consumers against the "overly zealous debt collector" and stating that "while debt collectors are, of course, charged with the duty of collecting debts that are owed, they may not do so today in a manner that prevents consumer from exercising their legal rights").

The *Owens* court analyzed the public policy behind imposing a duty of reasonable care to this intrusive and confrontational business:

> Applying this "policy-laden" balancing test, the Court finds that a duty should be recognized...Thus, the imposition of a duty of care in this context furthers the legislative and societal judgment that unfair and harmful debt collection practices in this country are unacceptable. *Owens v. Providian Financial Corp.*, 227 F.R.D. 181, 18.

The *Owens* Court went on to distinguish a breach of fiduciary duty from a breach of duty of reasonable care:

> Furthermore, it is important to note the difference between the duty of reasonable care that is required to sustain a negligence action and the fiduciary duty of care required to sustain an action for breach of fiduciary duty. The latter requires a relationship between parties whereby one party "has reposed trust or confidence in another who thereby gains a resulting superiority or influence over the first." [Citations omitted.] No such "special relationship" is required to establish a duty of reasonable care in a negligence action. This substantive difference explains why Providian's argument regarding its lack of a "fiduciary obligation to its debtors or other creditors on its collection of its claims" is unpersuasive to this Court. ... No such heightened duty of care is required to sustain a negligence claim. *Id.* at 19.

Defendant is a debt collector. That debt collectors owe a duty to refrain from outrageous and abusive telephone calls in their attempts to collect a debt has long been recognized under California law. *Bowden v. Spiegel*, 96 Cal. App. 2d 793 (1950).

"A duty of care may arise through statute, contract, the general character of the activity, or the relationship between the parties." *Shin v. Kong*, 80 Cal. App. 4th 498, 504 (2000). Moreover, in determining what standard of care exists, California recognizes that a violation of a statute establishes the requisite standard of care in a negligence action. In *DiRosa v. Showa Denko K.K.*, the Court of Appeals of California

-4-

Plaintiff's Opposition to Defendant's Motion to Dismiss

CROWLEY LAW GROUP

weighed in on this important negligence issue as follows:

> Sierra--Bay Fed. Land Bank Assn. v. Superior Court (1991) 227 Cal. App. 3d 318, 336 [277 Cal. Rptr. 753] (Sierra--Bay) aptly summarizes section 669 and its application as follows:

>> "[A] plaintiff must prove four elements in order to establish negligence per se. Plaintiff must show that (1) defendant violated a statute, ordinance or regulation of a public entity, (2) the violation proximately caused his injury, (3) the injury resulted from an occurrence of the nature which the statute was designed to prevent; (4) he was one of the class of persons for whose protection the statute was adopted. (*Capolungo v. Bondi* (1986) 179 Cal. App. 3d 346, 349--350 [224 Cal. Rptr. 326].) 'While the first two elements are normally considered questions for the trier of fact, "[t]he last two elements are determined by the trial court as a matter of law, since they involve statutory interpretation ...." ' ( Id. at p. 350.)" (Italics added.) 44 Cal. App. 4th 799, 805.

In the instant case, the *Sierra-Bay* four-prong analysis can be summed up as follows:

(1)    Plaintiffs have alleged that Defendant violated the state collection statute; as well as the California penal code;

(2)    Plaintiff has been injured by these violations;

(3)    Plaintiffs' injuries arose out of an occurrence that these California laws were specifically designed to prevent, (namely, abusive debt collection practices with numerous and harassing telephone calls) and,

(4)    Plaintiffs are in the class of consumers whom the California legislature intended to protect by enacting these laws.

### a. Special Relationship

Defendant's first challenge plaintiff's negligence claim is their assertion that the defendant did not owe a duty of care to plaintiff or a special relationship with plaintiff. As outlined above, that assertion is incorrect. *Owens v. Providian Financial Corp.*, 227 F.R.D. 181(EDNY 2005) (Providian's argument regarding its lack of a "fiduciary

-5-

1   obligation to its debtors or other creditors on its collection of its claims" is unpersuasive
2   to this Court. ... No such heightened duty of care is required to sustain a negligence
3   claim. *Id.* at 19).

5                       **b. Lack of Facts**

6        Defendant's next/last challenge to plaintiff's negligence claim is their assertion
7   that plaintiff failed to allege any facts in Count 5 of plaintiff's complaint. Paragraph 73 of
8   plaintiff's complaint incorporates into Count 5 all the facts previously alleged. Defendant
9   claimed during the pre-motion meet and confer that the allegations must be plead under
10  the title "Count 5" and plaintiff cannot "incorporate by reference" the previously alleged
11  facts of the complaint. (See ¶ 8 of Declaration of Andre L. Verdun, filed herewith). In its
12  moving papers, it doesn't provide any authority to support its contention. Defendant
13  raises this argument implicitly by stating that plaintiff has alleged no facts to support
14  negligence. This argument can only make sense if ¶ 73 of the complaint is ignored. The
15  practice of incorporation previous paragraphs by reference is near universal in practice.
16  When taking into account the previous allegations, plaintiff has successfully pleaded
17  facts to support negligence. That is that defendant violated a statutory duty (Counts 1-
18  3), plaintiff was aimed to be protected by the statute, plaintiff suffered harm and the
19  harm was caused by defendant's conduct.

20        The Defendant has not challenged any other aspect of the Plaintiff's negligence
21  claims. In any event, the Plaintiff has properly pled that the Defendant breached their
22  duty of care and that such breach proximately caused the Plaintiff damage.

23                  **c. Plaintiff is not alleging Negligence Infliction of Emotional Distress**

24        Defendant argues that plaintiff is really claiming negligent infliction of emotional
25  distress. This appears to be because plaintiff argues a cause of action for "negligence"
26  then states this negligent action caused, *inter alia*, emotional distress. However, as
27  stated above, plaintiff has alleged a cognizable claim of negligence (including the
28  requirement of damages) and is not alleging negligent infliction of emotional distress.

-6-

Plaintiff's Opposition to Defendant's Motion to Dismiss

**d. Plaintiff has alleged facts to support putative damages.**

A motion to dismiss lies were a cause of action fails to state facts for which a claim can exist. FRCP 12(b)(6). Objections concerning the relief sought are not properly brought by requesting dismissal of the entire claim; it appears this matter would be best addressed by a motion to strike the prayer for relief.

Regardless, this argument is raised again below. As such, plaintiff incorporates the arguments of section "VI" fully here as it is addressed in detail below.

**III.   Plaintiff has stated a cause of action for violation of California Penal Code § 632(a)**

To prevail in a civil cause of action under Penal Code 632(a), Plaintiff must prove: 1) the defendant intentionally recorded the conversation using an electronic device; 2) the plaintiff had a reasonable expectation that the conversation was not being overheard or recorded; and 3) that the defendant did not have all parties consent to record it. See Judicial Council of California Civil Jury Instructions (2011) CACI No. 1805.

Defendant wrongly states that plaintiff only alleges that the "foregoing acts and omissions" constitutes of cause of action. Plaintiff alleged:

> The foregoing acts and omissions constitutes violations of the California Penal Code 632(a) by engaging in illegal recording to confidential communications after telling plaintiff calls were not being recorded. (see ¶ 87)

Therefore, the facts required have been alleged to state a cause of action under Penal Code § 632(a):

1) defendant intentionally recorded the conversation using an electronic device (see ¶ 87 " [defendant was] engaging in illegal recording to confidential communications after telling plaintiff calls were not being recorded")

2) the plaintiff had a reasonable expectation that the conversation was not being overheard or recorded; (see ¶ 87 "[recorded calls after] telling plaintiff calls were not being recorded"); and,

-7-

Plaintiff's Opposition to Defendant's Motion to Dismiss

Peatrowsky v. Presolve, et al                                    2:12-cv-00203-JCG

1    3) that the defendant did not have all parties consent to record it (see ¶ 87 "[recorded
2       calls after] telling plaintiff calls were not being recorded").

3       Since plaintiff has alleged the facts required to state a cause of action under
5    Penal Code § 632(a), defendant's motion to dismiss should be denied.

6    **IV.    Plaintiff has stated a cause of action for Trespass to Chattels**

7       In order to prevail against defendant, plaintiff needs to allege: 1) That plaintiff owned,
8    possessed or had a right to possess her phone; 2) That defendant intentionally
9    interfered with plaintiff's use or possession of the her phone 3) That plaintiff did not
10   consent; 4) That plaintiff was harmed; and 5) That defendant's conduct was a
11   substantial factor in causing plaintiff's harm. See Judicial Council of California Civil Jury
12   Instructions (2011) CACI No. 2101.

13      Defendant's only contention is that plaintiff claims "a reasonable expectation of
14   privacy" but fails to allege how phone calls support a cause of action for Trespass to
15   Chattel. Here, defendant intentionally called plaintiff numerous times with the intent of
16   depriving her of the right to use the telephone for the purpose she possessed it for;
17   namely work and her own personal use. Plaintiff requested that defendant stop calling
18   her and yet the telephone calls continued. The calls themselves violate California Penal
19   Code § 653m. California Penal Code § 653m criminalizes the trespass of the same sort
20   engaged in by defendant. Defendant engaged in a systematic attack against plaintiff to
21   collect a debt which deprived her of the use of her phone. Therefore, plaintiff has
22   alleged facts to support phone calls interfering with plaintiff's reasonable expectation of
23   privacy.

24   **V.    Plaintiff has stated a cause of action for Invasion of Privacy**

25      Under common law, there is a recognized invasion of privacy tort for intrusion upon
26   seclusion. Restatement (2d) of Torts § 652B p. 378 (1977) ("One who intentionally
27   intrudes, physically or otherwise, upon the solitude or seclusion of another or his private
28   affairs or concerns, is subject to liability to the other for invasion of his privacy, if the

-8-

Plaintiff's Opposition to Defendant's Motion to Dismiss

intrusion would be highly offensive to a reasonable person."). More importantly, intrusion upon seclusion is actionable under California law. (*Shulman v. Group W. Productions Inc.* 18 Cal.4th 200, 231, 74 Cal.Rptr.2d 843, 955 P.2d 469 (1998) (quoting the Restatement (2d) of Torts § 652B); *Miller v. Nat'l Broadcasting Co.*, 187 Cal.App.3d 1463, 1482, 232 Cal.Rptr. 668 (1986) (same); see also Cal. BAJI 7.20 ("The essential elements of this claim are: 1) the defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the plaintiff; 2) The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person; and 3) The intrusion caused plaintiff to sustain injury, damage, loss or harm.").

Given the nature and number of calls involved, there is genuine issue of fact as to whether Plaintiff's privacy was invaded.

Courts have held that multiple calls from debt collectors to engage in business give rise to a claim for intrusion upon seclusion. (*Fausto v. Credigy*, 598 F. Supp. 2d 1049, 1056 (N.D. CA 2009) (Citing to *Panahial v. Gurney*, 2007 U.S. Dist. Lexis 17269 and *Joseph v. JJ. MacIntryre LLC*, 238 F. Supp. 2d 1158, 1169 (N.D. Cal. 2002)).

Defendant seems to think based on their argument and case cites that there is a number between 90 and 50 calls that state a claim for invasion of privacy. A claim of intrusion upon seclusion can be based on just one phone call. *Diaz v. D.L. Recovery Corp.*, 486 F. Supp. 2d 474 (E.D. PA 2007). The true consideration has to be the nature of the calls, not just the number.

Here, plaintiff received calls from both to her work and her personal cell phone. Plaintiff received calls to her work phone. Defendant called plaintiff and misrepresented who they were to obtain information from plaintiff. The calls were numerous a day; as many as eight. The *daily average* of the phone calls received by plaintiff is much more than those exampled by defendant in their moving papers'. (35 calls in 3 months v. 8 in 1 day). Plaintiff frantically hired an attorney immediately for fear of job loss based on

-9-

Plaintiff's Opposition to Defendant's Motion to Dismiss

CROWLEY LAW GROUP

1   defendant's intrusions. Otherwise, in three months, plaintiff was on pace to received
2   sum 720 calls in three months. In addition to the number of calls, the nature of these
3   calls have to be considered; the place the calls were being placed to plaintiff's cell
5   phone and work number, the content of the calls (posing as other businesses to obtain
6   information, and the harm caused, which was substantial.

7   **VI.    Plaintiff has stated facts to support awarding punitive damages**

8        Plaintiff requests that the court dismiss the punitive damages. It appears that
9   defendant is actually asking this court to grant a "motion to strike" so plaintiff will treat
10   the request as such.

11              **a. DEFENDANT ERRORS BY RELYING OF THE CALIFORNIA
12                  PLEADING STANDARD; UNDER THE FEDERAL STANDARD
                   PUNITIVE DAMAGES ARE PROPERLY PLED**

13       The Ninth Circuit, in *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d
14   832, 839 (9th Cir. 2007), stated:

15              When enacted, Rule 8 eliminated the archaic system of fact
16              pleading found in the state codes of pleading applied by the
                federal courts under the 1872 Conformity Act. Today, "[t]he
17              only function left to be performed by the pleadings alone is
                that of notice."

18       In *Reese v. Barton Healthcare Systems*, 606 F.Supp.2d 1254, 1266 (E.D.Cal.,
19   2008), U.S. District Judge Damrell stated:

20
21              "In federal court, a plaintiff may include a 'short and plain'
                prayer for punitive damages that relies entirely on
22              unsupported and conclusory averments of malice or
                fraudulent intent." Clark v. Allstate Ins. Co., 106 F.Supp.2d
                1016, 1019 (S.D.Cal.2000); see Neveu v. City of Fresno,
23              392 F.Supp.2d 1159, 1184 (E.D.Cal.2005); Clark v. State
                Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406
24              (C.D.Cal.2005). As such, defendant's argument that plaintiff
                must plead specific facts to support these allegations is
25              without merit.

26       Plaintiff needs written discovery and depositions to establish the malice and
27   fraudulent intent by defendants to support her prayer for punitive damages. Accordingly,
28   this motion should be denied.

-10-

Plaintiff's Opposition to Defendant's Motion to Dismiss

**b. PUNITIVE DAMAGES AGAINST EACH DEFENDANT ARE PLAUSIBLE AND SUPPORTED BY THE CLAIMS ASSERTED**

In *Wolk v. Green*, 516 F.Supp.2d 1121, 1134-35 (N.D.Cal., 2007) (footnotes omitted), the Court stated:

> Defendant also moves to strike plaintiff's request for punitive damages. Where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, plaintiff may recover damages in addition to the actual damages. Cal. Civil Code § 3294; Judicial Council of California, Civil Jury Instructions No. 3940.
>
> Punitive damages are appropriate if the defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy. *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287, 31 Cal.Rptr.2d 433 (1994). The mere carelessness or ignorance of the defendant does not justify the imposition of punitive damages. *Id.* Punitive damages are proper only when the tortious conduct rises to levels of extreme indifference to the plaintiff's rights, a level which decent citizens should not have to tolerate. *Id.*
>
> Plaintiff alleges at least seven viable causes of action, supported by specific factual allegations. I cannot say as a matter of law that defendant's alleged conduct, such as his failure to timely substitute as attorney of record, misrepresentations concerning his time commitments and experience, and his demands for additional funds, if proven, could not support an award of punitive damages. At this stage, plaintiff's request for punitive damages is permissible.

Defendant does not cite any authorities that the claims alleged in the Sixth, Seventh, and Eighth Claims fail to support a prayer for punitive damages. Thus, if Plaintiff presents evidence of "acts of defendants ...were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages" the request for punitive damages should be decided by a jury. See *id.* Each of these claims are viable and allege sufficient facts to survive the motion to dismiss.

Thus, the Court should not strike Plaintiff's prayer for punitive damages without permitting Plaintiff the opportunity to prove her case with adequate discovery of these elements. To do otherwise is to give debt collectors the benefit of the Plaintiff's lack of evidence from discovery, which would be a bad policy for the District Courts to adopt.

-11-

Defendants cite no authority that a U.S. District Court should strike Plaintiff's prayer for punitive damages for lack of evidence or that the demurrer standards that govern pleadings in California Superior Courts trump Rule 8.

**VII.    Plaintiff requests leave to amend**

In dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Doe v. United States,* 58 F3d 494, 497 (9th Cir. 1995). If defendant's motion is granted in whole or in part, plaintiff requests leave to amend.

**CONCLUSION**

For the forgoing reasons, defendant's request to dismiss as to counts 4-8 should be DENIED. If the court dismisses any cause of action, plaintiff should be permitted leave to amend.

Dated this: **March 23, 2012**

                                                 **CROWLEY LAW GROUP**

                                                 ____/s/ Andre L. Verdun____
                                                 Andre L. Verdun
                                                 Attorney for Plaintiff
                                                 Judy Peatrowsky

Plaintiff's Opposition to Defendant's Motion to Dismiss

Peatrowsky v. Presolve, et al                                    2:12-cv-00203-JCG

CROWLEY LAW GROUP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **JUDY PEATROWSKY,** an individual, | Case No.: 2:12-cv-00203-JCG |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| **PRESOLVE,** a limited liability company, and **DOES 1-25,** | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, ANDRE L. VERDUN, am a citizen of the United States and am at least eighteen years of age.  My business address is 401 West "A" Street, Suite 925, San Diego, CA 92101.  I am not a party to the above-entitled action.  I have caused service of the following document(s):

**PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS COUNTS 4 THROUGH 8 OF THE COMPLAINT**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

**Alaine Patti-Jelsvik  apatti-j@persolve.com**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

NONE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2012.

/s/ Andre L. Verdun
Andre L. Verdun

-1-