Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Attorney for Plaintiff
Judy Peatrowsky

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUDY PEATROWSKY, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PRESOLVE, a limited liability company, and DOES 1-25,<br><br>　　　　Defendant. | Case No.: 2:12-cv-00203-JCG<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS, OR IN THE ALTERNATIVE TO TRANSFER TO THE PROPER FORUM**<br><br>Date: April 24, 2012<br>Time: 2:00 PM<br>Courtroom: 827- A |

## INTRODUCTION

Plaintiff Judy Peatrowsky ("plaintiff") submits this memorandum in opposition to defendant Persolve's Motion to Dismiss or in the alternative, Transfer Venue under 28 U.S.C. §§ 1404(a) and 1406(a).

This case has federal questions jurisdiction. Defendant's Motion to Transfer Venue is completely without merit because none of the factors to be considered under 15 U.S.C. § 1404(a) support defendants' position. Indeed, not only has defendant failed to make the required showing that the Nevada District is a "more" convenient forum, but a review of the facts reveal it is a demonstrably *less* convenient forum. There is no basis for a transfer of venue.

- ➢ Defendant's corporate headquarters is in the Central District of California and all the conduct that is the basis for this case took place in Los Angeles County, right here in the Central District. Defendant points out that they have "a satellite office" in Nevada, yet they fail to reveal that the Nevada office has no connection to this case and NONE of the facts that caused plaintiff to bring this action concern the Nevada satellite office. Therefore, the fact that defendant has a Nevada satellite office is irrelevant.
- ➢ Defendant states that they must do discovery in Henderson, NV based on evidence that may exist there concerning the defendant. However, the evidence that we know exists and is the basis for the claims of this case all reside in California. All the witnesses for the case reside in California.
- ➢ Defendant points out its corporate counsel are licensed in the State of Nevada as well in California. Defendant fails to reveal that their corporate counsel's law office is in California and she primarily works in their California office.
- ➢ Defendant states that a judgment in their favor would have to be perfected in a "sister state". This argument is baseless for two reasons 1) Defendant is the defendant. There is no counter suit against plaintiff; 2) Defendant hedges recovery based on a costs recovery if they are successful at trial and nothing more; and, 3) As they point out, they have a presence in Nevada. While that office is not concerned with this case, it allows them easy access to plaintiff for any theoretical costs judgment.

Given that this case turns on defendants' unlawful debt collection that took place here in the Central District of California, all of the relevant witnesses and documents reside at the defendant's corporate offices in the Central District of California, it follows that this Court is the most convenient venue in that the defendant, witnesses, and all the documents are all substantially located in Southern California. A transfer to the Nevada

District Court would be contrary to the interest of justice and would not serve the convenience of the parties or the witnesses.

Based on the foregoing, plaintiffs respectfully request that the Court deny defendants' Motion to Transfer Venue.

## I. STATEMENT OF FACTS

### A. IDENTIFICATION OF PARTIES

Plaintiff is an individual residing in Henderson, Nevada. The complaint states that she is a resident of "Los Angeles", which is a scrivener's error as stated in the declaration of plaintiff's counsel.

Defendant is a debt collector with its corporate offices in the State of California. All the conduct that is the basis for this claim is in the State of California. It is stated on information and belief that the DOE defendants are employees of defendant that reside in and work in the State of California. Defendant claims to have a Nevada office yet those offices are not involved in the facts for which this case is brought.

### B. THE DEFENDANT, WITNESSES AND DOCUMENTS SUBSTANTIALLY RESIDE IN THE CENTRAL CALIFORNIA DISTRICT

This case is brought against defendant for engaging in illegal debt collection activity which caused harm to plaintiff. All of the conduct engaged in by defendant was conducted by defendants from their offices in Los Angeles, within the Central District of California. None of the conduct engaged in by defendant took place in or around Henderson, Nevada. Defendant has its corporate offices and is domiciled in the State of California. It is believed that all of the witnesses for the defendant reside in California and work in Los Angeles. The documents and other evidence of this case are located in California in the defendant's Los Angeles office.

///
///
///

# ARGUMENT

## I. SINCE VENUE DETERMINATIONS ARE GOVERNED EXCLUSIVELY BY FEDERAL LAW DEFENDANTS RELIANCE ON STATE LAW IS RELIED ON IN ERROR.

Defendant quotes and relies in part of state law to advance its position. [Defendant's Motion[1], P.3 L.8-13] Issues raised in determining proper venue in federal actions are governed exclusively by federal law. *Stewart Organization, Inc. v. Ricoh Corp.* (1988) 487 US 22, 28.

Since this is a federal action, proper venue is governed by federal law with no deference to the state law of California. Even still, persons domiciled with California when suit is commenced are subject to the personal jurisdiction of California. *Milliken v. Meyer* (1940) 311 US 457, 462; *Allen v. Sup.Ct. (Bromberg)* (1953) 41 C2d 306, 310–311. Therefore, state law is inapplicable here and, also, not in conflict.

## II. VENUE IS PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA BECAUSE IT IS IN THE CENTRAL DISTRICT OF CALIFORNIA WHERE A THE EVENTS ON WHICH THIS CASE IS BROUGHT OCCURRED.

Venue in federal question cases is proper in the judicial districts (and no other) in in which a "substantial part of the events or omissions" on which the claim is based occurred, or a "substantial part of the property" that is the subject of the action is located. 28 USC § 1391(b)(2). The "substantiality" requirement is "intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Systems, Inc. v. Martino* (3rd Cir. 1994) 36 F3d 291, 294. Since defendant is domiciled in the Central District, defendant is not being hauled into a remote district.

"[E]vents or omissions giving rise to the claim" looks only to defendant's conduct. *Jenkins Brick Co. v. Bremer* (11th Cir. 2003) 321 F3d 1366, 1371–1372; *Woodke v. Dahm* (8th Cir. 1995) 70 F3d 983, 985. All of the defendant's conduct took place in Los

---

[1] Defendant's motion refers to "DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS, OR IN THE ALTERNATIVE TO TRANSFER TO THE PROPER FORUM"

Angeles, California which is the Central District of California.

All the events and occurrences on which this case has been brought occurred in the Central District of California. Since the proper venue is in the district in which the events occurred, the Central District of California is the proper district.

### III. DEFENDANTS' MOTION TO TRANSFER BASED ON U.S.C. 1404(A) SHOULD BE DENIED BECAUSE LAS VEGAS FEDERAL COURT IS NOT MORE CONVENIENT THAN THE CENTRAL DISTRICT OF CALIFORNIA

#### A. The Legal Standard For A Motion To Transfer Venue Under U.S.C. § 1404(a)

Section 1404(a) places the burden on the moving party to show that the balance of conveniences *weighs heavily in favor of the venue transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum.* See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) [emphasis added]; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981). The Ninth Circuit has set forth various factors to be considered in weighing these considerations. See *Decker Coal*, 805 F.2d at 843.

Defendants' motion to transfer this action to the Las Vegas District Court should be denied by this Court since the Central District is the appropriate venue for this case. Section 1404(a) of 28 U.S.C. provides that a motion to transfer should be granted only if:

(1) the district to which the party seeks a transfer is a district where the suit might have been brought, and

(2) the convenience of the parties and witnesses and the interest of justice support the transfer. See 28 U.S.C. § 1404(a).

"A motion to transfer venue should not be freely granted," *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)), and is permitted only to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Id.* Moreover, the moving party "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.* at

-5-
OPPOSITION TO MOTION TO DISMISS OR CHANGE VENUE

1302.

No judicial efficiency would result if the Court transferred this case out of the Central District. Defendants have not satisfied their heavy burden under § 1404(a) of establishing that "the convenience of the parties and witnesses and the interest of justice support the transfer." In fact, defendants cannot establish that the Las Vegas District is even equally convenient, notwithstanding the requirement that the forum must be *more* convenient. Each factor set out by the case law that the defendants themselves identify as relevant to this Court's determination unmistakably supports the Central District as the proper venue.

### B. Plaintiff's Choice Of Forum Should Be Considered

There is a strong presumption in favor of a plaintiff's choice of forum. See *Jarvis v. Marietta Corp.*, 1999 U.S. Dist. LEXIS 12659, 1999 WL 638231 (N.D. Cal. 1999) (citing *Piper Aircraft*, 454 U.S. 235, 255.) "[A] defendant bears a heavy burden of proof to justify the necessity of the transfer. The plaintiff's choice of forum should not be easily over-turned." See *STX Inc. v. Trik Stik, Inc.*, 708 F. Supp.1551, 1555-56 (N.D. Cal. 1988).

Defendant's corporate offices are residents of the Central District. The employees engaged in the conduct causing this suit to be brought are in the Central District of California. The relevant conduct took place in the Central District. Because plaintiff brought suit in the Central District, her choice of forum weighs heavily in balancing the relevant factors.

### C. Convenience Of The Parties Favors The Central District

The Central District is the most convenient for defendant. Only plaintiff could arguably assert the convenience of the Las Vegas District and defendant cannot assert plaintiff's convenience to get transfer. And even still, with the conduct and evidence of the offenses in the Central District, it is less costly and still more convenient for plaintiff to prosecute her case here. Defendant and their employees are domiciled within that

-6-
OPPOSITION TO MOTION TO DISMISS OR CHANGE VENUE

Peatrowsky v. Presolve, et al            Case No.: 2:12-cv-00203-JCG

district, their employees reside and work in the Central District, and the business documentation relevant to this litigation is located within this district. Plaintiff has chosen the Central District because it would be more convenient for her. Thus, venue in the Central District is more convenient for the defendants as well as the plaintiffs.

### D. Convenience Of The Witnesses Favors The Central District

Defendant's headquarters as an integrated business organization is in Las Angeles, California and their employees work in and reside in the Central District as well. Since all of the relevant officers and other management personnel are located in the Central District as well as the critical witnesses regarding defendant's debt collection practices, who work at defendant's headquarters in Los Angeles, California, the most convenient venue for the witnesses in this case is the Central District.

### E. Ease Of Access To Documents Favors The Central District

The fact that records are located in a particular district is another relevant factor with regard to venue. See *STX Inc. v. Trik Stik, Inc.*, 708 F. Supp. at 1556 (N.D. Cal. 1988). The relevant documents and records, including personnel files and collection and call records, are for the most part located in Los Angeles, California, which is in the Central District.

### F. Differences in Costs of Litigation

The parties will incur costs and expenses no matter where the litigation is situated, but given that the parties are substantially located in the Central District and the overwhelming concentration of the relevant witnesses and documents are in the Central District, the costs incurred will be much less than in the Central District.

### G. The Central District Has a Special Local Interest

The entire state of California has an interest in this controversy since defendants conduct significant business throughout the state. The Central District, however, has a significant interest in this controversy since defendants are headquartered in the Central District. As such, the Central District has a significant interest in the resolution of this

dispute.

### H. Familiarity with the Governing Law

The Central District is presumably more familiar with plaintiff's California state law causes of action than the Nevada District Court.

### IV. DEFENDANTS PREFERENCE FOR A DIFFERENT VENUE IS OF NO SIGNIFICANCE

Notwithstanding defendant's attempt to use this motion pretense for obtaining their desired forum so that plaintiff's attorney can no longer represent plaintiff, no objective factors support a transfer of venue. Defendant is attempting to transfer this action to their preferred forum despite the fact that not one of the factors to be considered even arguably weighs in favor of such a transfer. Defendant's tactical considerations and procedural machinations are irrelevant. Defendant's motion should only be considered on the merits, which undeniably fall on the side of maintaining this action in the Central District.

### CONCLUSION

For the reasons stated above, plaintiff Judy Peatrowsky respectfully requests this court to deny defendant's motion to dismiss, or in the alternative, transfer venue to the District Court in Las Vegas, Nevada.

Dated this: **March 23, 2012**

CROWLEY LAW GROUP

/s/ Andre L. Verdun
Andre L. Verdun
Attorney for the Plaintiff
Judy Peatrowsky

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUDY PEATROWSKY, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PRESOLVE, a limited liability company, and DOES 1-25,<br><br>　　　　Defendant. | Case No.: 2:12-cv-00203-JCG<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, ANDRE L. VERDUN, am a citizen of the United States and am at least eighteen years of age. My business address is 401 West "A" Street, Suite 925, San Diego, CA 92101. I am not a party to the above-entitled action. I have caused service of the following document(s):

**DECLARATION OF ANDRE L. VERDUN**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

**Alaine Patti-Jelsvik  apatti-j@persolve.com**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

NONE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2012.

　　　　　　　　　　　　　　　　　　/s/ Andre L. Verdun
　　　　　　　　　　　　　　　　　　Andre L. Verdun